**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **ABC DENTAL PC,  et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CASE NO.** |
| | ) | |
| **v.** | ) | **JUDGE** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **AMCO INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>COMPLAINT</u>

For its Complaint against Defendant AMCO INSURANCE COMPANY ("Defendant")

Plaintiffs ABC DENTAL PC, WEST HARBOR DENTAL PC, PF DENTAL REDDY PC,

MOORESVILLE DENTAL ACQUISITION INC., GENTLE CARING DENTISTRY OF

FREMONT OHIO REDDY INC., MARTINSVILLE FAMILY DENTISTRY PC, GARDEN

CITY FAMILY DENTISTRY PC, DENTAL ACQUISITION GROUP HOLDINGS LLC,

BLUE ASH SMILES GROUP INC., WYOMING SMILE CENTER CAMPBELL LLC,

GEORGETOWN NORTH DENTAL CARE LLC, MARION DENTAL ASSOCIATES

SANDHU, LLC, BRYAN DENTAL SMILES GROUP PLLC, KOMMINENI DDS PLLC,

WEST CHESTER CENTER FOR DENTISTRY CAMPBELL LLC, ARCH CITY DENTAL

ASSOCIATES SANDHU LLC / BROOKSEDGE LLC, ARCH CITY DENTAL ASSOCIATES

SANDHU LLC / REALTY INVESTORS LLC, KUPPERI AND ASSOCIATES DDS PLLC,

CENTERVILLE DENTAL CENTER OHIO LLC, DENTAL SMILE PROFESSIONALS

DAYTON OHIO LLC, CHARLOTTESVILLE DENTAL ASSOCIATES INC.,

MIDDLETOWN KETTERING AND CINCINNATI DENTISTS LLC, BROWNSBURG

FAMILY DENTISTRY ASSOCIATES PC, BRILLANT SMILES ODEH LLC,

HARRISONBURG DENTAL ASSOCIATES PLLC, LIMA ROAD DENTISTRY REDDY PC,

BEAVERCEREK DENTAL CARE INC., HOWELL DENTAL CARE CENTER PLLC, state as

follows:

### PARTIES

1. Plaintiffs operate dental offices offering a full range of dental services, including

    cosmetic, to adults and children. Plaintiffs operate a total of 33 dental office locations, 19

    of which are in Ohio. The 33 office locations are located at the following locations: 9001

    N MAIN ST FL 2 DAYTON OH 45415; 150 N INDIANA ST MOORESVILLE IN

    46158; 2430 ENTERPRISE ST FREMONT OH 43420; 25 CLEVELAND AVE

    MARTINSVILLE VA 24112; 7110 VENOY RD GARDEN CITY MI 48135; 760 W

    EISENHOWER PKWY ANN ARBOR MI 48103; 9346 TOWNE SQUARE AVE

    BLUE ASH OH 45242; 2006 E HARBOR RD PORT CLINTON OH 43452; 1222

    NORDICA LN CINCINATI OH 45255; 423 WORTHINGTON AVE WYOMING OH

    45215; 6405 GEORGETOWN NORTH BLVD FORT WAYNE IN 46815; 1241 E

    CENTER ST MARION OH 43302; 1936 S SUMMERTON RD MT PLEASANT MI

    48858; 50 N COLDWATER RD STE J LAKE ISABELLA MI 48893; 2 IRIS ST

    ASHEVILLE NC 28803; 7798 DISCOVERY DR STE D WEST CHESTER OH

    45069; 191 W SCHROCK RD WESTERVILLE OH 43081; 891 YARD ST STE 200

    COLUMBUS OH 43212; 4119 WALKER AVE GREENSBORO NC 27407; 9346

    DAYTON LEBANON PIKE CENTERVILLE OH 45458; 5221 WAYNETOWNE CT

    DAYTON OH 45424; 127 CEDARS COURT CHARLOTTESVILLE VA 22903; 321 N

    BREIEL BLVD MIDDLETOWN OH 45042; 2309 WOODMAN DR KETTERING OH

45420; 9684 CINCINNATI DAYTON RD CINCINNATI OH 45241; 1460 N GREEN ST STE 200  BROWNSBURG IN 46112; 547 SPINNING RD RIVERSIDE  OH  45431; 4049 DAYTON XENIA RD STE 200  DAYTON OH 45432; 1289 N MONROE  DR XENIA  OH 45385; 590 NEFF  AVE STE 100  HARRISONBURG  VA  22801; 9019 LIMA  RD FORT  WAYNE IN 46818; 2141 N FAIRFIELD RD STE A BEAVERCREEK  OH 45431; and 1250 BYRON RD HOWELL MI 48843.

2.   Plaintiff ABC DENTAL, PC is a Michigan "citizen" as it is a Michigan Professional Corporation incorporated and having its principal place of business in the State of Michigan. Plaintiff ABC DENTAL, PC is a named insured on the policy at issue.

3.   Plaintiff WEST HARBOR DENTAL, PC is a Michigan 'citizen' as it is a Michigan Professional Corporation incorporated and having its principal place of business in Ann Arbor, Michigan, and it is a named insured on the policy at issue.

4.   Plaintiff PF DENTAL REDDY, INC. is an Ohio 'citizen' as it is an Ohio corporation incorporated and having its principal place of business in Dayton, Ohio, and it is a named insured on the policy at issue.

5.   Plaintiff MOORESVILLE DENTAL ACQUISITION, INC. is an Indiana 'citizen' as it is an Indiana corporation incorporated and having its principal place of business in Mooresville, Indiana, and it is a named insured on the policy at issue.

6.   Plaintiff GENTLE CARING DENTISTRY OF FREMONT OHIO REDDY, INC. is an Ohio 'citizen' as it is an Ohio corporation incorporated and having its principal place of business in Fremont, Ohio, and it is a named insured on the policy at issue.

7.  Plaintiff MARTINSVILLE FAMILY DENTAL, PC, is a Virginia 'citizen' as it is a Virginia corporation incorporated and having its principal place of business in Martinsville, Virginia, and it is a named insured on the policy at issue.

8.  Plaintiff GARDEN CITY FAMILY DENTISTRY, PC is a Michigan 'citizen' as it is a Michigan Professional Corporation incorporated and having its principal place of business in Ann Arbor, Michigan, and it is a named insured on the policy at issue.

9.  Plaintiff DENTAL ACQUISITION GROUP HOLDINGS, LLC is a Michigan limited liability company and is a named insured on the policy at issue. Plaintiff DENTAL ACQUISITION GROUP HOLDINGS, LLC is wholly owned by member Rohit Reddy, a Michigan citizen.

10.  Plaintiff BLUE ASH SMILES GROUP, INC. is an Ohio 'citizen' as it is an Ohio corporation incorporated and having its principal place of business in Cincinnati, Ohio, and it is a named insured on the policy at issue.

11.  Plaintiff WYOMING SMILE CENTER CAMPBELL, LLC is an Ohio limited liability company and is a named insured on the policy at issue. Plaintiff WYOMING SMILE CENTER CAMPBELL, LLC is wholly owned by members Rohit Reddy, a Michigan citizen, and Trent Campbell, a Michigan citizen.

12.  Plaintiff GEORGETOWN NORTH DENTAL CARE, LLC is an Indiana limited liability company and is a named insured on the policy at issue. Plaintiff GEORGETOWN NORTH DENTAL CARE, LLC, is wholly owned by members Rohit Reddy, a Michigan citizen, and Trent Campbell, a Michigan citizen.

13.  Plaintiff MARION DENTAL ASSOCIATES SANDHU, LLC is an Ohio limited liability company and is a named insured on the policy at issue. Plaintiff MARION DENTAL

ASSOCIATES SANDU, LLC is wholly owned by members Rohit Reddy, a Michigan citizen, and Preet Sandhu, a Texas citizen.

14. Plaintiff BRYAN DENTAL SMILES GROUP, PLLC is a Michigan professional limited liability company and is a named insured on the policy at issue. Plaintiff BRYAN DENTAL SMILES GROUP, PLLC is wholly owned by members Rohit Reddy, a Michigan citizen, and Minh Nguyen, a Michigan citizen.

15. Plaintiff KOMMINENI DDS, PLLC is a North Carolina professional limited liability company and is a named insured on the policy at issue. Plaintiff KOMMINENI DDS PLLC is wholly owned by member Rohit Reddy, a Michigan citizen.

16. Plaintiff WEST CHESTER CENTER FOR DENTISTRY CAMPBELL LLC is an Ohio limited liability company and is a named insured on the policy at issue. Plaintiff WEST CHESTER CENTER FOR DENTISTRY CAMPBELL LLC is wholly owned by members Rohit Reddy, a Michigan citizen, and Trent Campbell, a Michigan citizen.

17. Plaintiff ARCH CITY DENTAL ASSOCIATES SANDHU LLC / BROOKSEDGE LLC is an Ohio limited liability company and is a named insured on the policy at issue. Plaintiff ARCH CITY DENTAL ASSOCIATES SANDHU, LLC is wholly owned by members Rohit Reddy, a Michigan citizen, and Preet Sandhu, a Texas citizen.

18. Plaintiff ARCH CITY DENTAL ASSOCIATES SANDHU LLC / REALTY INVESTORS LLC is an Ohio limited liability company and is a named insured on the policy at issue. Plaintiff ARCH CITY DENTAL ASSOCIATES SANDHU, LLC is wholly owned by members Rohit Reddy, a Michigan citizen, and Preet Sandhu, a Texas citizen.

19. Plaintiff KUPPERI AND ASSOCIATES DDS, PLLC is a North Carolina professional limited liability company and is a named insured on the policy at issue. Plaintiff KUPPERI

AND ASSOCIATES DDS, PLLC is wholly owned by members Rohit Reddy, a Michigan citizen, and Saneth Kommineni, a North Carolina citizen.

20. Plaintiff CENTERVILLE DENTAL CENTER OHIO, LLC is an Ohio limited liability company and is a named insured on the policy at issue. Plaintiff CENTERVILLE DENTAL CENTER OHIO, LLC is wholly owned by members Rohit Reddy, a Michigan citizen, and Vinh Nguyen, an Ohio citizen.

21. Plaintiff DENTAL SMILE PROFESSIONALS DAYTON OHIO, LLC is an Ohio limited liability company and is a named insured on the policy at issue. Plaintiff DENTAL SMILE PROFESSIONALS DAYTON OHIO, LLC is wholly owned by members Rohit Reddy, a Michigan citizen, and Vinh Nguyen, an Ohio citizen.

22. Plaintiff CHARLOTTESVILLE DENTAL ASSOCIATES, PC is a Virginia 'citizen' as it is a Virginia Professional Corporation incorporated and having its principal place of business in Charlottesville, Virginia, and it is a named insured on the policy at issue.

23. Plaintiff MIDDLETOWN KETTERING AND CINCINNATI DENTISTS LLC is an Ohio limited liability company and is a named insured on the policy at issue. Plaintiff MIDDLETOWN KETTERING AND CINCINNATI DENTISTS LLC is wholly owned by member Sateesh Ummareddy, a Texas citizen.

24. Plaintiff BROWNSBURG FAMILY DENTISTRY ASSOCIATES, PC is an Indiana 'citizen' as it is an Indiana Professional Corporation incorporated and having its principal place of business in Brownsburg, Indiana, and it is a named insured on the policy at issue.

25. Plaintiff BRILLIANT SMILES ODEH, LLC is an Ohio limited liability company and is a named insured on the policy at issue. Plaintiff BRILLIANT SMILES ODEH, LLC is

wholly owned by members Rohit Reddy, a Michigan citizen and Jamel Odeh, a North Carolina citizen.

26. Plaintiff HARRISONBURG DENTAL ASSOCIATES, PLLC is a Virginia professional limited liability company and is a named insured on the policy at issue. Plaintiff HARRISONBURG DENTAL ASSOCIATES, PLLC is wholly owned by members Rohit Reddy, a Michigan citizen and Preet Sandhu, a Texas citizen.

27. Plaintiff LIMA ROAD DENTISTRY REDDY, PC is an Indiana 'citizen' as it is an Indiana Professional Corporation incorporated and having its principal place of business in Fort Wayne, Indiana, and it is a named insured on the policy at issue.

28. Plaintiff BEAVERCREEK DENTAL CARE, INC. is an Ohio 'citizen' as it is an Ohio Professional Corporation incorporated and having its principal place of business in Dayton, Ohio, and it is a named insured on the policy at issue.

29. Plaintiff HOWELL DENTAL CARE CENTER, PLLC is a Michigan professional limited liability company and is a named insured on the policy at issue. Plaintiff HOWELL DENTAL CARE CENTER, PLLC is wholly owned by members Rohit Reddy, a Michigan citizen and Ruchir Patel, a Michigan Citizen.

30. That all times herein mentioned, Defendant was and continues to be a foreign company duly authorized to do business in the State of Ohio.

31. That all times herein mentioned, Defendant was and continue to be an insurance company transacting business in the State of Ohio.

32. That at all times herein mentioned, Defendant sold an insurance policy, namely the Policy, annexed hereto as **Exhibit A**, to Plaintiffs' Complaint.

33. That all times herein mentioned, Defendant entered into a valid insurance contract, namely the Policy, with Plaintiffs for the insurance of Plaintiffs' dental office premises, and the business income derived therefrom, located at the addresses listed in paragraph 1 of this Complaint.

## JURISDICTION AND VENUE

34. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because Diversity exists between Plaintiffs and the Defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs.

35. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District and part of the property that is the subject of the action is situated in this District.

## BUSINESS INTERRUPTION INSURANCE COVERAGE AND COVID-19

36. Business interruption insurance (also known as "business income insurance" or "BI insurance") is a type of insurance that covers the loss of income that a business suffers after certain fortuitous events or disasters. Property casualty insurance differs from BI insurance in that property casualty insurance generally only covers physical loss or physical damage to specific "covered property," typically structures and personal property identified in the policy, while BI insurance covers profits that would have been earned by the business but for the fact that it was required to suspend business operations.

37. Broadly speaking, business owners that purchase business interruption coverage have a reasonable expectation that the coverage would apply if they are forced to suspend business operations as a result of an unforeseen, fortuitous event, such as a forced government shutdown of their business as a result of a pandemic (e.g., COVID-19) or

other large-scale disaster.  Indeed, it is hard to imagine a more unforeseen, fortuitous event than the government orders shuttering dental offices and other business throughout virtually the entire country as a result of the COVID-19 pandemic. After faithfully paying high premiums for business interruption coverage for years, business owners were forced to close their businesses as a result of government ordered shutdowns and have a reasonable expectation that this coverage would apply and protect them in such circumstances.

38. Nonetheless, even though many business interruption policies expressly cover such an event and/or could reasonably be interpreted as providing such coverage, insurance companies have routinely and universally denied claims submitted by businesses for business interruption coverage during the COVID-19 public health crisis, falsely stating in many cases that no coverage exists unless there is physical damage to tangible property at the insured location (e.g., the structure of the building in which the business operates or related personal property) and/or that the loss is excluded in the event of a pandemic such as COVID-19. To the contrary, in many cases, the applicable policy provisions do not require tangible, physical damage in many cases, the exclusions relied upon by the insurer are not applicable and/or could be reasonably construed as not being applicable.

39. Under Ohio law, insurance policies are generally interpreted by applying rules of construction and interpretation applicable to basic contract law. C*ity of Sharonville v. Am. Employers Ins. Co.*, l 09 Ohio St.3d 186, 187, 846 N.E.2d 843 (2006). "Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and against the insurer." *Faruque v. Provident Life & Accidental Ins. Co.*, 31 Ohio St.3d 34, 508 N.E.2d 949 (1987), syllabus. Ambiguous

9

language in an insurance policy must be strictly construed against the insurer. *Gencorp Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 818 (6th Cir.1999). As to exclusionary language in insurance policies, such language must be clear and specific and a general presumption arises to the effect that that which is not clearly excluded from operation of such contract is included in the operation thereof. *King v. Nationwide Ins. Co*., 35 Ohio St. 3d 208, 214, 519 N.E.2d 1380 (1988).

**PLAINTIFFS PURCHASED INSURANCE FOR THEIR BUSINESS, NOT JUST THEIR BUILDINGS; THE POLICY PROVIDE COVERAGE FOR BUSINESS INCOME SEPARATE AND APART FROM THE PROPERTY AND BUILDING**

40. In order to protect their property, businesses, and income from losses, Plaintiffs obtained the Policy issued by Defendant.

41. At all relevant times, the Policy was in full effect as Plaintiffs faithfully paid the premiums which Defendant accepted.

42. The premium Plaintiffs paid included coverages for, *inter alia*, buildings and personal property, business income and extra expense, and commercial liability.  It also included additional coverage for 'extended' business income, and actions of a civil authority that prohibited access to the premises due to damage at another property.

43. The Policy is an all risk commercial policy: meaning that it provides coverage from all risks unless expressly excluded by language in the body of the policy or through a separate exclusion endorsement.  There is no exclusion in Plaintiffs' Policy for lost business income caused by emergency orders restricting the services (i.e., business activities) it could provide at its property.

44. The Policy is unique in that the declarations show that the business income is listed

separately from property under "Additional Coverages" and each dental office has its

own business income coverage listed.

## MAJOR POLICY PROVISIONS

45. On or about December 20, 2019, Defendant issued the Policy (Policy Number ACP BPO

3066480748) in effect from December 30, 2019 to December 30, 2020, to Plaintiffs for

their aforementioned dental office locations.

46. First, the Policy states that:

> We will pay for direct physical loss of or damage to Covered Property at the
> described premises in the Declarations caused by or resulting from any Covered
> Caused of Loss.

See Policy, pg. 177. (For the convenience of the Court the pages of the Policy have been

numbered).

47. Covered Cause of Loss is defined as "[D]irect physical loss unless the loss is

excluded…" or otherwise "limited." See Policy, pg. 178.

48. The Policy provides Business Income Coverage (the "Bl Coverage") as follows:

> We will pay for the actual loss of "business income" you sustain due to the necessary
> suspension of your "operations" during the "period of restoration". The "suspension"
> must be caused by direct physical loss of or damage to property at the described
> premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

See Policy, pg. 182.

49. The terms and phrases "physical loss of," "damage to," and "property" as used in the BI

Coverage are not defined in the Policy. The BI Coverage contains no requirement that the

buildings, structures and/or personal property suffer tangible, physical and/or structural

alteration.

11

## THE GOVERNMENT ORDERS AND PLAINTIFFS'
## BUSINESS INTERRUPTION CLAIM

50. On March 9, 2020, Governor DeWine declared a state of emergency in the State of Ohio.

51. Plaintiffs' Ohio offices were shut down for almost all procedures and services besides emergency appointments from March 18, 2020 to May 1, 2020, to comply with the Director's Order from Ohio Governor Mike DeWine and the Ohio Department of Health ("Ohio Order") which cancelled all elective and non-essential surgeries and procedures for health care providers. *See Ohio Order*

https://content.govdelivery.com/attachments/OHOOD/2020/03/17/file_attachments/1403950/Director%27s%20Order%20non-essential%20surgery%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.pdf.

52. The Ohio Order defined an "essential" surgery or procedure as one that was necessary to prevent loss of life, limb, organ system, metastasis, and other "time sensitive" procedures. *See id*. Thus, Plaintiffs' Ohio offices were essentially completely shut down due to the Ohio Order.

53. Plaintiffs also have locations in Indiana, Virginia, North Carolina, and Michigan which were also shut down for all non-emergency services pursuant to those respective State's Executive Orders and/or health guidance. See "**Indiana Order**",

https://www.in.gov/gov/files/Executive%20Order%2020-13%20Medical%20Surge.pdf;

"**Virginia Order**",

https://www.governor.virginia.gov/media/governorvirginiagov/executive-actions/AMENDED-Order-of-Public-Health-Emergency-Two---Order-of-The-Governor-and-State-Health-Commissioner.pdf; **North Carolina Department of Health guidance**

("Department of Health") https://covid19.ncdhhs.gov/media/392/open; "**Michigan**

12

**Order**", https://www.michigan.gov/whitmer/0,9309,7-387-90499_90705-522451--,00.html, and collectively ("Government Orders" or "Executive Orders").

54. As a direct result of the Government Orders, Plaintiffs' dental offices have suffered a loss of "business income" due to a necessary suspension of their "operations" caused by "direct physical loss of or damage to property" and directly caused by a "covered cause of loss." Plaintiffs' suspension of operations has clearly and unambiguously been caused by a direct physical loss of or damage to" property the Insured Locations and/or the right to use/access the Insured Locations. Plaintiffs' loss is clearly and unambiguously caused by a "covered cause of loss" (e.g., the Government Orders), not otherwise excluded, which actually occurred during the policy period.

55. Moreover, as a direct result of the Government Orders and Department of Health guidance, Plaintiffs' dental offices have suffered a loss of "business income" due to necessary suspension of their "operations" caused by orders of civil authorities prohibiting use and access to the "premises."

**COUNT I**
**(Breach of Contract)**

56. Plaintiffs hereby incorporate each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

57. Defendant issued the Policy to Plaintiffs.

58. The Policy is a valid and binding contract, including offer, acceptance and consideration.

59. The Policy provides BI Coverage to Plaintiffs, among other benefits.

60. Plaintiffs have performed all conditions precedent, if any, to the Policy and/or are excused from same.

61. Defendant has failed and refused to provide BI Coverage and/or other benefits to Plaintiffs under the Policy, constituting a breach of contract.

62. As a direct and proximate result of Defendant's breach of contract, Plaintiffs have suffered damages in an amount to be proved at trial, but well in excess of $25,000.

## COUNT II
### (Bad Faith Denial of Coverage)

63. Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

64. Defendant owes Plaintiffs a duty to act in good faith with respect to Plaintiffs' claim for BI Coverage.

65. Defendant's denial of BI Coverage in the face of the clear and unambiguous language of the Policy is in bad faith.

66. As a direct and proximate result of Defendant's bad faith denial of BI Coverage, Plaintiffs have suffered damages in an amount to be proved at trial, but well in excess of $25,000, and is also entitled to an award of punitive damages.

## COUNT III
### (Declaratory Judgment)

67. Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

68. There exists a real and justiciable controversy which is ripe for determination regarding the parties' rights and obligations under the Policy, including, without limitation, a dispute as to whether Plaintiffs are entitled to BI Coverage and/or other benefits under the Policy.

69. Plaintiffs have no adequate remedy at law.

70. Plaintiffs are entitled to a determination of the parties' rights and obligations under the

Policy, including, without limitation, a declaration that they are entitled to BI Coverage

and/or other benefits under the Policy.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

    a.    On Count I, for compensatory damages in an amount to be proved at trial;

    b.    On Count II, for compensatory damages in an amount to be proved at trial,

    and an award of punitive damages;

    c.    On Count III, for an order declaring the rights and obligations of the

    parties under the Policy, including, without limitation, an order declaring

    that Plaintiffs are entitled to BI Coverage and/or other benefits under the

    Policy; and

    d.    On all Counts, for interest, costs and attorneys' fees as allowed by law, and

    such other and further relief as may be deemed just and  equitable.

Dated: March 16, 2021                 Respectfully submitted,

                          /s/ Charles H. Cooper, Jr.
                          Sean R. Alto         (0087713)
                          Charles H. Cooper, Jr.    (0037295)
                          COOPER & ELLIOTT, LLC
                          305 West Nationwide Boulevard
                          Columbus, Ohio 43215
                          (614) 481-6000
                          (614) 481-6001 (Facsimile)
                          seana@cooperelliott.com
                          chipc@cooperelliott.com

Allan Kanner (*pro hac vice* forthcoming)
Cynthia St. Amant (*pro hac vice* forthcoming)
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, Louisiana 70130
(504) 524-5777
a.kanner@kanner-law.com
c.stamant@kanner-law.com

Jeff S. Korek (*pro hac vice* forthcoming)
Anthony Makarov (*pro hac vice* forthcoming)
GERSOWITZ LIBO & KOREK, P.C.
111 Broadway, 12th Floor
New York, New York 10006
(212) 385-4410
jkorek@lawyertime.com
amakarov@lawyertime.com

Rick Ellsley (*pro hac vice* forthcoming)
THE ELLSLEY LAW FIRM, PLLC
1250 South Pine Island Road #275
Plantation, Florida 33324
(954) 888-7720
ellsley@ellsleylaw.com

Jackie Hodes (*pro hac vice* forthcoming)
J2 Legal Group, PLLC
3470 North Miami Avenue, Upper Suite
Miami, Florida 33127
(305) 422-1980
jackie@j2advisorygroup.com

Attorneys for Plaintiffs

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all claims so triable.


/s/ Charles H. Cooper, Jr.